IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Vaughn A. Booker, Esquire**　　　　　　　　　　Attorney for Debtor
**1420 Walnut Street, Suite 815**
**Philadelphia, Pennsylvania 19102**
**Telephone: (215) 545-0474**
**Facsimile: (215) 545-0656**
**Email: vbs00001@aol.com**
**Attorney I.D. No: 42312**

| | |
|---|---|
| **In Re:** : | Chapter 13 Bankruptcy |
| : | |
| **Scott D. Montague,** | |
| 　　　　Debtor : | BK No: 22-10175-PMM |
| : | |
| **U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM Trust 2021-NR2 Mortgage-Backed Notes, Series 2021-NR2,** : | |
| 　　　　Movant : | |
| **vs.** : | |
| **Scott D. Montague,** | |
| 　　　　Debtor : | |
| **Twyla D. Montague,** | |
| 　　　　Co-Debtor : | |
| **Kenneth E. West,** | |
| 　　　　Trustee : | |

**DEBTOR SCOTT D. MONTAGUE'S RESPONSE TO THE
MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER
SECTION 362 BY CREDITOR U.S. BANK NATIONAL ASSOCIATION**

1. Admitted in Part and Denied in Part. After reasonable information, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2. Admitted.

3. Denied. After reasonable information, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4. Admitted.

5. Denied. After reasonable information, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6. Denied. After reasonable information, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. Admitted.

8. Admitted in Part and Denied in Part.

9. Denied. **It is specifically denied that the Debtor has failed to make the monthly post-petition mortgage payments in the amount of $1,847.84 for the months of August 2024 through December 2024 and furthermore denied that there is a suspense balance of $178.30, as alleged. To the contrary, the Debtor is makin their post petition payments directly to the Mortgage Company and/or will be current on or before the date set for hearing this Motion.**

10. Denied. After reasonable information, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Strict proof to the contrary is demanded at Trial.

11.  Denied. After reasonable information, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Strict proof to the contrary is demanded at Trial.

12. Denied.

13.  Denied. After reasonable information, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Strict proof to the contrary is demanded at Trial.

    Wherefore, based upon the Response of the Debtor Scott D. Montague, to the Motion for Relief from the Automatic Stay filed by U.S. Bank National Association, not in its individual capacity but solely as trustee for the  CIM Trust 2021-NR2 Mortgage-Backed Notes, Series 2021-NR2 Specialized Loan Servicing, LLC,  the Motion for Relief from the Automatic Stay should be Denied.

                                                       **Respectfully Submitted:**

                                                       **/s/ Vaughn A. Booker, Esquire**
                                                       **Vaughn A. Booker, Esquire**
                                                       **Attorney for Debtor,**
**Dated: December 20, 2024**                                  **Scott D. Montague**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** | : Chapter 13 Bankruptcy |
| | : |
| **Scott D. Montague,** | |
| Debtor | : BK No: 22-10175-PMM |
| | : |
| **U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM Trust 2021-NR2 Mortgage-Backed Notes, Series 2021-NR2,** | : |
| | : |
| Movant | : |
| | : |
| vs. | : |
| **Scott D. Montague,** | |
| Debtor | : |
| **Twyla D. Montague,** | |
| Co-Debtor | : |
| **Kenneth E. West,** | |
| | : |
| Trustee | |
| | : |

# O R D E R

And now, to wit, this _____ day of _____, 2025, and based upon the within response of the Debtor Scott D. Montague to the Motion for Relief from the Stay of the Creditor U.S. Bank National Association, not in its individual capacity but solely as trustee for the CIm Trust 2021-NR2 Mortgage-Backed Notes, Series 2021-NR2, it is Hereby Ordered and Decreed that the Motion for Relief from the Automatic Stay is Denied.

By the Court:

_____
**Patricia M. Mayer**
**United States Bankruptcy Judge**